IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES LEE WILLIAMS, II,**

                    Petitioner,

     v.                                            CASE NO. 08-3177-RDR

**CLAUDE CHESTER,**

                    Respondent.

**O R D E R**

This matter is before the court on a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241. Petitioner proceeds pro se and submitted the full filing fee.

Petitioner commenced this action while incarcerated at the United States Penitentiary, Leavenworth, Kansas. He alleges violations of due process in prison disciplinary proceedings.

A § 2241 petition for habeas corpus is used to attack the execution of a sentence. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Accordingly, such a petition is the appropriate means to challenge a prison disciplinary action that resulted in the loss of good-time credits. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997).

Having considered the record, the court has concluded this matter must be dismissed as moot because it appears the petitioner

has been released from custody.[1]

Under Article III of the United States Constitution, the jurisdiction of the federal courts is limited to "cases" or "controversies." U.S. Const. art. III, § 2, cl. 1.

The writ of habeas corpus may be granted only where the applicant is "in custody". 28 U.S.C. § 2241(c). A prisoner's release does not automatically render a petition moot, but the court must determine whether the petitioner is subject to collateral consequences sufficient to establish an injury in fact. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III...." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998). In habeas corpus, the case or controversy requirement is met when the petitioner is threatened with an actual injury caused by the respondents and where that injury is likely to be remedied by a favorable decision. *Id*.

Here, petitioner seeks relief from disciplinary proceedings that resulted in the forfeiture of good time credits. Restoring such credits would not benefit the petitioner, as good conduct credits cannot be applied to reduce a term of supervised release. *U.S. v. Johnson*, 429 U.S. 53, 60 (2000)("The objectives of supervised release would be unfulfilled if excess prison time were

---

[1] On September 5, 2008, petitioner notified the clerk of the court of a change of address. A review of information maintained by the federal Bureau of Prisons confirms petitioner's release. A copy of that information is attached.

2

to offset and reduce terms of supervised release."))

Accordingly, the court finds a decision in petitioner's favor could offer him no relief.  Because he cannot satisfy the case or controversy requirement, the present petition for habeas corpus is moot.

IT IS, THEREFORE, BY THE COURT ORDERED the petition is dismissed as moot and all relief is denied.

IT IS FURTHER ORDERED petitioner's motion for an injunction (Doc. 3) is denied.

A copy of this order shall be transmitted to the petitioner.

**IT IS SO ORDERED.**

DATED:  This 14th day of October, 2008, at Topeka, Kansas.

                          S / Richard D. Rogers
                          RICHARD D. ROGERS
                          United States District Judge